IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RSUI INDEMNITY COMPANY, | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 6:21-cv-03047 |
| TOWER CONSULTANTS, INC., | ) |
| JEAN-ALAIN LECORDIER, P.E., | ) **JURY TRIAL DEMANDED** |
| WILLIAM E. BARNHART, | ) |
| JIANTAO YU, P.E., | ) |
| MOSES B. BERRY, P.E., | ) |
| THE BOARD OF GOVERNORS OF | ) |
| MISSOURI STATE UNIVERSITY, | ) |
| DOUG SAMPSON, | ) |
| CAROL LEMAY, | ) |
| KEITH LEMAY, | ) |
| AMBER DEVRIES, | ) |
| JAMES FULLER, | ) |
| LEXINGTON INSURANCE COMPANY, | ) |
| and ZURICH AMERICAN INSURANCE | ) |
| COMPANY, | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now RSUI INDEMNITY COMPANY and for its Complaint for Declaratory Judgment states as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1. The instant coverage dispute arises out of the April 19, 2018 collapse of the KOZK radio tower located in Fordland, Missouri and owned by Missouri State University (the "University"). The University retained Defendant TOWER CONSULTANTS, INC. ("TCI") to

render design services in connection with the reconstruction of the tower. The University contracted with Steve Lemay, LLC to perform the recommended reconstruction work on the tower. The tower collapsed while the Steve Lemay LLC crew was performing the reconstruction work, resulting in injuries to several crew members including one fatality and allegedly causing damage to the University's property.

2. TCI's commercial general liability carrier, United Specialty Insurance Company ("United Specialty"), and TCI's professional liability carrier agreed to defend TCI in connection with the claims and/or potential claims arising out of the tower collapse.

3. The Burlington Insurance Company ("Burlington") issued a commercial excess liability policy to TCI that applies in excess of the United Specialty Policy (the "Burlington Policy"). Plaintiff RSUI Indemnity Company ("RSUI") issued a commercial excess liability policy that applies in excess of the Burlington Policy (the "RSUI Policy").

4. TCI seeks coverage under the RSUI Policy with respect to the claims arising out of the tower collapse. On February 18, 2021, TCI's counsel made a demand that RSUI undertake the defense of certain lawsuits brought against TCI.

5. There is no coverage available under the RSUI Policy for the claims arising out of the tower collapse based on exclusions for claims arising out of professional services, construction management services, and/or telecommunication equipment errors and omissions.

6. RSUI seeks a declaration that there is no coverage available to TCI for the claims arising out of the tower collapse under the RSUI Policy.

7. Plaintiff RSUI has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the RSUI Policy. A judicial declaration

is appropriate at this time so that RSUI may ascertain its rights and duties with respect to defense and indemnity under the RSUI Policies for the claims arising out of the tower collapse.

## JURISDICTION, RIPENESS, AND VENUE

8. Plaintiff RSUI brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, et seq., and Rule 57 of the Federal Rules of Civil Procedure.

9. There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the RSUI Policy described herein.

10. RSUI has no adequate remedy at law and, therefore, desires a judicial determination of the rights and obligations of the parties to this lawsuit.

11. At TCI's request, RSUI attended a mediation on February 4, 2020 to attempt to resolve the claims arising out of the tower collapse. The claims did not settle, and on February 18, 2021, TCI, through its attorney, made demand that RSUI participate in the defense of TCI without limitation.

12. A judicial declaration is appropriate at this time because TCI is attempting to secure coverage from RSUI to settle the claims arising out of the tower collapse. The dispute is ripe for adjudication in light of TCI's February 18, 2021 demand for a defense in the several civil lawsuits against it.

13. Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different States.

14. Venue is appropriate in this district, pursuant to 28 U.S.C. § 1391 because one or more defendants reside in this judicial district and a substantial part of the events giving rise to this action occurred in this judicial district.

## THE PARTIES

15. Plaintiff RSUI is a New Hampshire corporation with its principal place of business in Georgia. For purposes of diversity, RSUI is a citizen of New Hampshire and Georgia.

16. Defendant TCI is a South Carolina corporation with its principal place of business in South Carolina. For purposes of diversity, TCI is a citizen of South Carolina.

17. Defendant Jean-Alain LeCordier, P.E. ("Le Cordier") is an employee of TCI and a resident of South Carolina. For purposes of diversity, Le Cordier is a citizen of South Carolina.

18. Defendant William E. Barnhart ("Barnhart") is an employee of TCI and a resident of South Carolina. For purposes of diversity, Barnhart is a citizen of South Carolina.

19. Defendant Jiantao Yu, P.E. ("Yu") is an employee of TCI and a resident of South Carolina. For purposes of diversity, Yu is a citizen of South Carolina.

20. Defendant Moses B. Berry, P.E. ("Berry") is an employee of TCI and a resident of South Carolina. For purposes of diversity, Berry is a citizen of South Carolina.

21. Defendant The Board of Governors of Missouri State University ("Board of Governors") is vested with governmental oversight over the University, a public institution of higher education, pursuant to Mo. Rev. Stat. § 174.450 and is capable of suing and being sued at the University's main campus in Springfield, Missouri. For purposes of diversity, the Board of Governors is a citizen of Missouri.

22. Defendant Doug Sampson ("Sampson") is an employee of the University and a resident of Missouri. For purposes of diversity, Sampson is a citizen of Missouri.

23. Defendant Carol LeMay is the surviving spouse of Steve LeMay and is a resident of the State of Washington. For purposes of diversity, Carol LeMay is a citizen of the State of Washington.

24. Defendant Keith LeMay is the surviving son of Steve LeMay and is a resident of the State of Washington. For purposes of diversity, Keith LeMay is a citizen of the State of Washington.

25. Defendant Amber DeVries is the surviving daughter of Steve LeMay and is a resident of the State of Washington. For purposes of diversity, Amber DeVries is a citizen of the State of Washington.

26. Defendant James Fuller ("Fuller") is an employee of Steve LeMay, LLC and is a resident of the State of Washington. For purposes of diversity, Fuller is a citizen of the State of Washington.

27. Defendant Lexington Insurance Company ("Lexington") is a Delaware corporation with its principal place of business in Boston, Massachusetts. For purposes of diversity, Lexington is a citizen of Delaware and Massachusetts.

28. Defendant Zurich American Insurance Company ("Zurich") is a New York corporation with its principal place of business in Illinois. For purposes of diversity, Zurich is a citizen of New York and Illinois.

29. Complete diversity of citizenship exists because Plaintiff RSUI is a citizen of different States (New Hampshire and Georgia) than any of the Defendants.

## FACTUAL BACKGROUND

### A. The Project and Tower Collapse

30. TCI engineers conducted a structural analysis for the University regarding the feasibility of a tower located in Springfield, Missouri (the "Tower"), and prepared a report of their findings dated May 19, 2017.

31. TCI found that the Tower failed to meet the requirements of the ANSI/TIA-222-G Standard, and recommended several upgrades to the structure of the Tower in order to meet that standard.

32. TCI and the University entered into an Agreement for Consulting Services dated October 23, 2017, under which TCI agreed to render design services for the University in connection with the reconstruction of the tower (the "Project").

33. Upon information and belief, a true, correct, and complete copy of the Agreement for Consulting Services between TCI and the University is attached as **Exhibit A.**

34. The project description in the Agreement for Consulting Services states:

> TCI conducted a recent study of the current tower per the requirements of ANSI/TIA 222-G. This study found that the tower would fail when subjected to the conditions required by the -G analysis. The University is looking for assistance with reconstructing this tower. TCI will develop construction documents that identify the structural modifications necessary to replace the transmission line. Additionally, TCI will assist the university in the bidding and contractor selection process, review submittal drawings, observe work, produce progress reports, and produce record drawings.

35. Upon information and belief, the Agreement for Consulting Services between TCI and the University was the only contract or agreement that TCI entered into with the University governing services related to the KOZK Tower.

36. On December 14, 2017, the University entered into a separate contract with Steve Lemay LLC to perform the construction work on the tower Project. The contract states that Steve Lemay LLC shall perform all of the work and furnish all of the materials, supplies, machinery, equipment, tools, superintendence, labor, insurance, and other accessories and services necessary to complete the project.

37. Upon information and belief, a true, correct, and complete copy of the contract documents between the University and Steve Lemay LLC are attached as **Exhibit B.**

38. On April 4, 2018, Steve Lemay LLC completed its "Rigging Plan" for the Project with respect to the rigging of the Tower in order to remove and replace the guy wire.

39. On April 19, 2018, the Steve Lemay LLC crew was performing the work set forth in the Rigging Plan. The crew began by placing the six replacement diagonals, the necessary equipment, and brought Steve Lemay (the foreman and owner of Steve Lemay, LLC) to the 105' elevation of the Tower in a man-basket. After the crew completed the diagonal replacement on two of the three sides of the Tower at the 105' elevation, the crew members began hearing unusual sounds above them and Mr. Lemay instructed the other crew members to evacuate the Tower. The Tower then collapsed, fatally injuring Mr. Lemay and allegedly causing injuries to several other Steve Lemay LLC workers.

40. On or about September 10, 2020, Defendants Carol LeMay, Keith LeMay and Amber Devries filed in the Circuit Court of Webster County, Missouri, an action styled *Carol LeMay, Keith LeMay and Amber DeVries, the class I beneficiaries of Steve LeMay, Plaintiffs, v. Tower Consultants, Inc., Jean LeCordier, Jiantao Yu, Moses B. Berry, William Barnhart, Board of Governors of Missouri State University, and Doug Sampson, Defendants*. The action was

assigned Case Number 20WE-CC00068 and is presently pending in Webster County, Missouri. A true and accurate copy of the Petition in that action is attached hereto as **Exhibit C**.

41. On or about October 8, 2020, Defendant James Fuller filed in the Circuit Court of Webster County, Missouri, an action styled *James A. Fuller, Plaintiff, v. Tower Consultants, Inc., Jean-Alain LeCordier, P.E., William E. Barnhart, Jiantao Yu, P.E., Moses B. Berry, P.E., Board of Governors of Missouri State University, and Doug Sampson, AIA, LEED, AP, Defendants*. The action was assigned Case Number 20WE-CC00079 and is presently pending in Webster County, Missouri. A true and accurate copy of the Petition in that action is attached hereto as **Exhibit D**.

42. In addition, on or about March 9, 2020, the University's subrogated insurers, Defendants Lexington and Zurich, filed in the Circuit Court of Greene County, Missouri a petition against TCI, LeCordier, Yu, Berry and Steve Lemay LLC, alleging that the collapse caused damage to the Tower and an adjacent building and seeking recovery for the damage to the University's property, lost income and extra expenses incurred by the University. A true and accurate copy of the University's petition, styled *Lexington Insurance Company and Zurich American Insurance Company, Plaintiffs, v. Tower Consultants, Inc., Jean-Alain LeCordier, P.E., Jintao Yu, P.E., Moses B. Berry, P.E., and Steve LeMay LLC, Defendants*, is attached as **Exhibit E.** The action, assigned Case No. 2031-CC00309 in Greene County, was subsequently transferred to the Circuit Court of Webster County, Missouri, where it is presently pending as Case No. 20WE-CC00065.

43. United Specialty and TCI's professional liability carrier are providing a defense to TCI with respect to the claims arising out of the Tower collapse.

44. Upon information and belief, there have been no settlements or judgments against TCI for any claims arising out of the Tower collapse.

45. Upon information and belief, the primary policy issued by United Specialty has not been exhausted by the payment of judgments or settlements on behalf of TCI.

46. Upon information and belief, the excess policy issued by Burlington has not been exhausted by the payment of judgments or settlements on behalf of TCI.

47. TCI has demanded that RSUI provide coverage for the claims arising out of the Tower collapse, that RSUI tender its policy limits to resolve those claims and that RSUI participate in the defense of TCI without limitation.

**B.  The Policies**

48. United Specialty issued a commercial general liability policy to named insured TCI, bearing policy number LIG0005600, effective from December 31, 2017 to December 31, 2018 and subject to limits of liability of $1 million per occurrence and $2 million in the aggregate (the "United Specialty Policy"). A true, correct, and complete copy of the United Specialty Policy is attached at **Exhibit F.**

49. Burlington issued a commercial excess liability policy to named insured TCI bearing policy number HFF0006058 in effect from December 31, 2017 to December 31, 2018. (the "Burlington Policy"). The Burlington Policy is subject to limits of liability of $5 million per occurrence and in the aggregate and applies in excess of the United Specialty Policy. A true, correct, and complete copy of the Burlington Policy is attached as **Exhibit G.**

50. The Burlington Policy contains the following provision:

> The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions

of this Coverage Part will apply. However, the coverage provided under this Coverage Part will not be broader than that provided by the applicable "controlling underlying insurance".

51. The Burlington Policy identifies the "controlling underlying insurance," in relevant part, as the United Specialty Policy.

52. RSUI issued a commercial excess liability policy to named insured TCI bearing policy number NHA244005, effective from December 31, 2017 to December 31, 2018 (the "RSUI Policy"). The RSUI Policy is subject to liability limits of $5 million per occurrence and in the aggregate, and applies in excess of the Burlington Policy. A true, correct, and complete copy of the RSUI Policy is attached as **Exhibit H.**

53. The RSUI Policy contains the following provision:

> This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "Underlying Insurance", except:
>
> (1) We will have no obligation under this insurance with respect to any claim or suit that is settled without our consent; and
> (2) With respect to any provisions to the contrary contained in this insurance.

54. The RSUI Policy identifies the "Underlying Insurance" as the Burlington Policy.

55. The Insuring Agreement in the United Specialty Policy states that United Specialty's right and duty to defend ends when it has used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

56. The United Specialty Policy, as incorporated into the Burlington and RSUI Policies, contains endorsement CG 22 79 07 98 ("Exclusion – Contractors – Professional Liability"), which provides as follows:

> The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2.**

**Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:**

1. This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

    a. Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and
    b. Providing or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

2. Subject to Paragraph 3. below, professional services include:

    a. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and
    b. Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3. Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

57. The United Specialty Policy, as incorporated into the Burlington and RSUI Policies, contains endorsement CG 22 34 07 98 ("Exclusion – Construction Management Errors and Omissions"), which provides as follows:

> The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> 1. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

2. Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

58. The United Specialty Policy, as incorporated into the Burlington and RSUI Policies, contains endorsement CG 22 91 07 98 ("Exclusion – Telecommunication Equipment or Service Providers Errors and Omissions"), which provides as follows:

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**a.** An error, omission, defect or deficiency in any evaluation, consultation or advice given by or on behalf of any insured concerning telecommunication equipment or services;
**b.** Any advice, consultation, evaluation, inspection, supervision, quality control or phone network set-up, including central office cabling, done by you or for you on a project on which you serve as a telecommunication equipment or service provider; or
**c.** The failure of any insured to adequately provide telecommunication services.

59. The Insuring Agreement in the RSUI Policy provides in relevant part as follows:

1. Insuring Agreement

a. We will pay those sums in excess of the limits shown in Item 6 of the Declarations, Schedule of Underlying Insurance, that you become legally obligated to pay as damages because of injury to which this insurance applies, provided that the "Underlying Insurance" also applies, or would apply but for the exhaustion of its applicable Limits of Insurance.

> b. This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "Underlying Insurance", except:
>
> > (1) We will have no obligation under this insurance with respect to any claim or suit that is settled without our consent; and
> > (2) With respect to any provisions to the contrary contained in this insurance.

60. The Schedule of Underlying Insurance identifies the Burlington Policy as the "Underlying Insurance."

61. The RSUI Policy contains endorsement RSG 36031 0205 ("Professional Services Exclusion"), which provides as follows:

> This insurance does not apply to any liability arising out of the rendering or failure to render professional service or advice, whether or not that service or advice is ordinary in your profession, regardless of whether a claim or suit is brought by a client or any other person or organization.

### ACTION FOR DECLARATORY JUDGMENT
### (RSUI has no duty to defend or indemnify)

62. Plaintiffs restate and re-allege Paragraphs 1 through 60 above as if fully set forth herein.

63. On February 18, 2021, TCI, through its attorney, made demand that RSUI participate in the defense of TCI without limitation. A true and accurate copy of the demand letter is attached hereto as **Exhibit I.**

64. RSUI does not owe a duty to defend or indemnify TCI in the claims arising out of the Tower collapse under the RSUI Policy for the following reasons:

> a. The underlying Burlington Policy has not been exhausted by payments of settlement(s) or judgment(s);
>
> b. The "Contractors – Professional Liability" exclusion contained in the United Specialty Policy, as incorporated into the RSUI Policy, precludes coverage;

c. The "Construction Management" exclusion contained in the United Specialty Policy, as incorporated into the RSUI Policy, precludes coverage;

d. The "Telecommunication Equipment or Service Providers Errors and Omissions" exclusion contained in the United Specialty Policy, as incorporated into the RSUI Policy, precludes coverage;

e. The "Professional Services" exclusion contained in the Burlington Policy, as incorporated into the RSUI Policy, precludes coverage; and/or

f. The "Professional Services Exclusion" contained in the RSUI Policy precludes coverage.

WHEREFORE, Plaintiff seeks a judgment declaring that RSUI has no duty to defend or indemnify TCI under the RSUI Policy with respect to the claims arising out of the Tower collapse.

## REQUESTED RELIEF

WHEREFORE, Plaintiff and RSUI requests that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Burlington Policy and the RSUI Policy, together with the following relief:

a. That this Court find and declare that RSUI has no duty to defend or indemnify TCI under the RSUI Policy with respect to the claims arising out of the Tower collapse;

b. For a trial by jury on all issues so triable;

c. That the costs of this action be taxed against Defendant TCI; and

d. That this Court grant such other and further relief as it deems just and equitable.

**BUCKLEY & BUCKLEY, L.L.C.**

By: /s/ Ann E. Buckley
Martin J. Buckley       #37000
Ann E. Buckley          #26970
800 Market Street, Suite 2900
St. Louis, MO 63101
Telephone: (314) 621-3434
Facsimile: (314) 621-3485
mbuckley@buckleylawllc.com
abuckley@buckleylawllc.com

**TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP**

Michael S. Knippen, *Pro Hac Vice* to be filed
Julie Klein, *Pro Hac Vice* to be filed
303 W. Madison St., Suite 1200
Chicago, IL 60606
mknippen@tlsslaw.com
jklein@tlsslaw.com

*Attorneys for Plaintiff RSUI Indemnity Company*